STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-301


CHRISTOPHER BARKER

VERSUS

LEMIC INSURANCE CO., ET AL.


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 2
PARISH OF GRANT, NO. 13-01350
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

**********

**JOHN D. SAUNDERS**
**JUDGE**

**********

Court composed of John D. Saunders, Billy Howard Ezell, and J. David Painter, Judges.


**AFFIRMED.**


**George Carnal Gaiennie, III**
**Christopher J. Roy, Sr.**
**1920 Jackson St.**
**Alexandria, LA 71301**
**(318) 767-1114**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
      **Christopher Barker**

**David Thomas Butler, Jr.**
**Funderburk & Butler**
**1111 South Foster Dr, St G**
**Baton Rouge, LA 70806**
**(225) 924-1000**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **LEMIC Insurance Co.**
    **Upchurch Plumbing, Inc.**

**SAUNDERS, Judge**

This appeal addresses the application of La.R.S. 23:1203.1 in light of recent jurisprudence. The precise question before the court is whether La.R.S. 23:1203.1 applies to requests for medical treatment and/or disputes arising out of requests for medical treatment in cases in which the work-related accident or injury occurred prior to the effective date of the medical treatment schedule, but the request for approval was submitted after the effective date of the treatment schedule.

The Office of Workers' Compensation (hereafter "OWC") held that the medical treatment guidelines applied retroactively and that Chris Barker (hereafter "Appellant") failed to establish by clear and convincing evidence that the medical director failed to follow the treatment guidelines. In light of the latest pronouncement by the highest court of our state, we must affirm the OWC's decision.

FACTS AND PROCEDURAL HISTORY

Appellant was involved in an accident during the course and scope of his employment with Upchurch Plumbing, Inc. on April 28, 2005, when he was knocked off a scissor lift and fell to the floor. The employer's workers' compensation insurance provider was Lemic Insurance Company.

Appellant began psychotherapy with James Quillan, Ph.D., a neuropsychologist and medical psychologist, on August 25, 2005. On August 9, 2012, Appellees denied continued psychotherapy recommended by Dr. Quillan. Appellant thereafter filed a Disputed Claim for Medical Treatment with the medical director, and the appeal was denied. On October 22, 2012, Dr. Quillan prescribed medication, for which Appellant had previously received authorization. However, authorization was denied. Appellant filed another Disputed Claim for Medical Treatment. On December 21, 2012, Dr. Quillan again prescribed

medication for which Appellant had previously received authorization. Appellees again denied authorization. Appellant filed a third Disputed Claim for Medical Treatment. His appeal was denied. The instant litigation arose on February 26, 2013, when Appellant filed a Disputed Claim for Compensation. In his Disputed Claim, Appellant alleged that his employer and its insurer had failed to authorize continued psychotherapy and medication refills recommended by Dr. Quillan. Appellant alleged his claim was not subject to review by the medical director. In addition to seeking authorization for the requested treatment and medication, Appellant requested an award of penalties and attorney's fees.

Appellant argued that the medical treatment schedule promulgated under La.R.S. 23:1203.1 did not apply to his claim because he was injured before its effective date. The OWC disagreed, relying on *Cook v. Family Care Services, Inc.*, 13-108 (La.App. 3 Cir. 8/28/13), 121 So.3d 1274. The OWC further found that Appellant had not proven the medical director failed to follow the treatment guidelines by clear and convincing evidence because there was no testimony from Appellant's medical provider that his care was in compliance with the medical treatment schedule or that there was a need for a variance from the medical treatment schedule. The OWC noted "[Appellant] made no progress towards returning to work, which is the hallmark or benchmark under the medical treatment schedule." It is from this judgment that this appeal arises.

On appeal, Appellant asserts the following assignments of error:

ASSIGNMENTS OF ERROR:

1. OWC erred in finding La.R.S. 23:1203.1 applies retroactively to Appellant's Disputed Claim; and

2. OWC erred in failing to order the requested treatment and in not awarding penalties and attorney's fees because the employer and insurer failed to reasonable controvert Appellant's claim for treatment.

ASSIGNMENT OF ERROR NUMBER ONE:

In support of his argument that OWC erred in finding La.R.S.23:1203.1 applied to his claim retroactively, Appellant cites *Romero v. Garan's, Inc.*, 13-482 (La.App. 3 Cir. 12/26/13), 130 So.3d 451, this court's most recent decision concerning the retrospective application of La.R.S. 23:1203.1. In *Romero*, this court specifically overruled *Cook*, 121 So.3d 1274. A panel of this court explained, "[w]e agree that La.R.S. 23:1203.1 should have prospective application only…[a]lthough the law appears to be procedural in nature, it has a substantive effect." *Romero*, 130 So.3d at 458.

Following the decision of *Romero*, the Louisiana Supreme Court addressed the issue in *Church Mutual Insurance Co. v. Dardar*, 13-2351, pp. 24-25 (La. 5/7/14), -- So.3d --. There, the court explained:

> The statute does not go back to the past to either evaluate the conditions of the legality of an act, or to modify or suppress the effects of a right already acquired, or vested. Effectively, La.R.S. 23:1203.1 is a procedural vehicle that concerns the procedure for enforcing a substantive right. As such, it does not impinge on or lessen the substantive right to necessary medical treatment conferred by La.R.S. 23:1203. Rather, it applies prospectively to all requests for medical treatment and/or disputes arising out of requests for medical treatment arising after the effective date of La.R.S. 23:1203.1 and the medical treatment schedule, regardless of the date of accident.

The *Church Mutual* decision is the latest pronouncement by the highest court of this state. It is clear that our supreme court has concluded La.R.S. 23:1203.1 is procedural and applies to all requests for medical treatment made after the effective date of the statute and any disputes that may arise out of such requests,

3

regardless of the date of the accident. Accordingly, we must affirm the trial court's ruling on this issue.

ASSIGNMENT OF ERROR NUMBER TWO:

Having concluded that *Church Mutual* requires a finding that La.R.S.23:1203.1 applies to Appellant's claims, we turn to his claim for penalties and attorney's fees for failure to pay medical benefits.

"The employer must have an 'articulable and objective reason to deny benefits at the time it took the action.'" *Landry v. Furniture Ctr.*, 05-643, p. 10 (La.App. 3 Cir. 1/11/06), 920 So. 2d 304, 311, *writ denied*, 06-0358 (La. 4/28/06), 927 So.2d 290 (quoting *Authement v. Shappert Eng'g*, 02–1631, p. 11(La. 2/25/03), 840 So.2d 1181, 1188). This standard applies to the denial of medical benefits. *Id.* at 312.

As we have already determined, the medical treatment guidelines apply retroactively to Appellant's claim. The employer and its insurer provided an "articulable and objective reason" for denial; the medical benefits requested were not in compliance with the medical treatment schedule. Therefore, we find that the trial court was correct in failing to order the requested treatment and in denying the request for penalties and attorney's fees.

CONCLUSION

For the foregoing reasons we affirm the trial court's judgment. All costs of this appeal are assessed to Appellant.

**AFFIRMED.**